# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION | § § | PLAINTIFF |
| v. | § § | CIVIL ACTION NO. 1:07CV35-LG-JMR |
| INDUSTRIAL CORROSION CONTROL, INC., ROY ANDERSON CORP., and EDDIE CARDENAS a/k/a EDDY CARDENAS | § § § § § | DEFENDANTS |
| INDUSTRIAL CORROSION CONTROL, INC. | § § | CROSS-CLAIMANT |
| v. | § § | |
| AVC PAINTING CONTRACTOR, INC. and EDDIE CARDENAS a/k/a EDDY CARDENAS | § § § | CROSS-CLAIM DEFENDANTS |
| AVC PAINTING CONTRACTOR, INC. | § § | CROSS-CLAIMANT |
| v. | § § | |
| EDDIE CARDENAS a/k/a EDDY CARDENAS | § § | CROSS-CLAIM DEFENDANT |

## ORDER OF DISMISSAL

**THIS MATTER IS BEFORE THE COURT** *sua sponte* pursuant to Fed. R. Civ. P. 4(m). For the reasons stated below, the Court finds that the cross-claims asserted by AVC Painting Contractor, Inc. ("AVC") and Industrial Corrosion Control, Inc. ("ICCI") against Eddie Cardenas a/k/a Eddy Cardenas should be dismissed for failure to serve process.

### DISCUSSION

The only remaining claims in this lawsuit are cross-claims asserted by AVC and ICCI against Cardenas. AVC filed its cross-claim against Cardenas on June 20, 2007. The summons issued with regard to the cross-claim was returned unexecuted on August 22, 2007. There is no

indication in the record that Cardenas was ever served with process, and AVC has not requested additional time to serve him.  Additionally, AVC failed to comply with a Court Order entered on August 6, 2008, that required it to obtain new counsel.  AVC also has not kept the Court advised of its correct address, because mail sent to AVC by the Court has been returned as undeliverable.

ICCI filed its cross-claim against Cardenas on April 9, 2007.  The summons issued with regard to the cross-claim was returned unexecuted on June 4, 2007. There is no indication in the record that Cardenas was ever served with process, and ICCI has not requested additional time to serve him.

Fed. R. Civ. P. 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the present case, AVC's deadline for serving Cardenas with process was October 18, 2007, and ICCI's deadline for serving Cardenas with process was August 7, 2007.  As a result, Cardenas was not timely served with process by either party.  This Court entered Orders to Show Cause [114, 115] requiring AVC and ICCI to demonstrate why Cardenas was not timely served with process.  Neither party responded to this Court's Orders to Show Cause.

The claims asserted against Cardenas arise out of an automobile accident that occurred on April 20, 2005.  Therefore, the statute of limitations has now expired and dismissal of the claims against Cardenas would, in effect, constitute a dismissal with prejudice.  "A district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting *Gray v.*

*Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). The Fifth Circuit has affirmed dismissals with prejudice where it has generally found at least one of the following aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)) .

AVC has itself caused significant delay in this case by failing to obtain new counsel and failing to advise the Court of its new address. Furthermore, both ICCI and AVC should have served Cardenas with process approximately two years ago, and they have failed to comply with this Court's Orders to Show Cause or request additional time to serve Cardenas. As a result, Cardenas would be prejudiced if he were now required to defend this lawsuit. Additionally, a lesser sanction would not better serve the interests of justice, since it appears that neither party has any intention of pursuing its claim against Cardenas. Therefore, because of the parties' contumacious conduct, the Court finds that the claims asserted by AVC and ICCI against Cardenas should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the cross-claims asserted by AVC Painting Contractor, Inc. and Industrial Corrosion Control, Inc. against Eddie Cardenas a/k/a Eddy Cardenas are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE